UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID MICHAEL TOTTEN,

       Petitioner,

v.                                              Case No. 2:07-cv-053

                                              HON. GORDON J. QUIST

JERI-ANN SHERRY,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

       Petitioner David Michael Totten filed this petition for writ of habeas corpus challenging the validity of his conviction for one count of first-degree criminal sexual conduct (by virtue of relationship), in violation of MCL § 750.520b(b). Petitioner was convicted on April 18, 2002, following a jury trial. On May 14, 2002, petitioner was sentenced to a term of 225 months to 35 years imprisonment. Petitioner subsequently filed an unsuccessful appeal to the Michigan Court of Appeals. Thereafter, the Michigan Supreme Court denied leave to appeal.

       Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. Did the evidence of defendant-appellant's sexual abuse of his six-year-old stepdaughter meet the *Vandervliet* test and was its admission error denying defendant-appellant a fair trial?

II. Was there misconduct by the prosecuting attorney during closing arguments that resulted in reversible error alleged by defendant-appellant?

III. Did the trial court fail to properly score the sentencing guidelines, necessitating a remand for rescoring?

IV. The trial court violated the defendant's right to due process and right to jury trial by permitting a jury verdict form that did not adequately document the correct charge with the correct count.

V. The defendant's due process rights were violated when the trial court employed the preponderance of evidence standard of *People v. Ratkov* and gave no weight to exonerating testimony or evidence from the defense.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is

contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court.

*See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989),

*cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by

a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption

of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*,

161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

In his first claim, petitioner argues that the admission of certain other acts evidence

failed to meet the evidentiary standard established by Michigan case law, and that its admission

constituted error that denied petitioner his right to a fair trial. Petitioner raised this issue in his direct

appeal to the Michigan Court of Appeals. The Michigan Court of Appeals rejected this claim:

> Defendant first argues that he was denied a fair trial because evidence of prior bad acts was introduced in violation of the standard for introduction set forth in *People v. VanderVliet*, 444 Mich. 52 (1993), *amended on other grounds*, 445 Mich. 1205 (1994). Specifically, he argues that although other prior bad acts evidence may have been properly admitted, evidence of his having digitally penetrated a five- or six-year-old relative years before was not sufficiently similar to the charged offenses of forced sexual intercourse with a teenaged relative to permit its admission.

> We need not decide whether the prior bad acts evidence was improperly admitted because the error, if any, was clearly harmless. Our supreme court held in *People v. Lukity*, 460 Mich. 484, 495-496 (1999), that a criminal conviction can be reversed because of preserved nonconstitutional error only if 'after an examination of the entire record it . . . affirmatively appear[s] that it is more probable than not that the error was outcome determinative.' Even without the challenged evidence, the evidence of defendant's guilt (e.g., the detailed testimony of the victim, corroborating physical evidence, and evidence defendant concedes to be admissible involving three other similar prior bad acts) was so overwhelming that we cannot conclude that, had the challenged evidence been excluded, it is more probable than not that defendant would have been acquitted.

*Michigan v. Totten*, No. 241752, at 1 (Mich. App. Oct. 16, 2003).

Petitioner's first claim appears to be based on violations of state law and evidentiary rules, rather than on a constitutional violation. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988). Therefore, it appears that this portion of petitioner's argument should be dismissed.

In his second claim, petitioner argues that the prosecutor engaged in misconduct during closing arguments that denied defendant a fair trial. Petitioner raised this claim in his direct appeal, and the Michigan Court of Appeals rejected it, stating:

> Defendant details two statements made in rebuttal argument that he claims were improper. In the first, the prosecutor responded to the defense argument that the absence of rug burns on the victim's back when she claimed to have been raped on a carpet with her shirt pulled up weakened the credibility of her testimony. The prosecutor responded that the victim had testified that her shirt was up only in the front, not in the back. Defendant promptly objected, claiming that this was not what the evidence showed. After a colloquy in which the prosecutor responded that this was her recollection of the evidence but that the jury could ultimately resolve the matter by reference to the transcript, the matter was ultimately resolved by allowing the jury, in the course of deliberations, to review the entire videotape of the victim's testimony.
>
> Our review of the transcript indicates that, although the victim's testimony on this point is somewhat confusing and open to more than one interpretation, the prosecutor does indeed appear to have correctly stated what the victim said when she was given the opportunity to clarify her testimony. And even if the prosecutor's interpretation was not correct, it certainly was an interpretation that the wording of the testimony would warrant. Being at least arguably correct, these comments, which were based on the evidence and responsive to defense arguments, were innocuous and were not deliberate misstatements. They did not constitute misconduct entitling defendant to a new trial. *People v. Pfaffle*, 246 Mich. App. 282, 288 (2001); *People v. Aldrich*, 246 Mich. App. 101, 112 (2001).

The second challenged statement was a statement by the prosecutor, in the course of asking a series of rhetorical questions during rebuttal concerning the credibility of a quasi-alibi defense supplied by defendant's wife, that she did not believe anything the defendant's wife said. Although the comment should not have been made, when reviewed in context, it was relatively innocuous, did not appeal to the jurors' sense of civic duty, and did not place the prestige of the prosecutor's office behind the statement. *People v. Bahoda*, 448 Mich. 261, 263 (1995). Moreover, the judge immediately upheld a defense objection to the statement and admonished the prosecutor for making it. During the jury charge, the judge instructed the jurors that their verdict was to be based only on the evidence, and that attorneys' statements are not evidence. Any harm to defendant from the prosecutor's statement was remedied by this action of the trial judge. We therefore find no misconduct mandating reversal in this statement. *Pfaffle*, *supra*; *Aldrich*, *supra*.

*Michigan v. Totten*, No. 241752, at 2.

In order to show prosecutorial misconduct, petitioner must show prejudice from the alleged errors. Ultimately, the issue for the Court is whether the prosecutor's conduct denied petitioner a fundamentally fair trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action). Inappropriate remarks or conduct by a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial. *See United States v. Chambers*, 944 F.2d 1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d 1397, 1400 (6th Cir. 1991), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989). Here, petitioner has failed to show prejudice from the alleged errors. As the Michigan Court of Appeals pointed out, one of the challenged statements made by the prosecutor was an acceptable interpretation of the testimony. Petitioner has failed to show prejudice as a result of either statement. Therefore, the Michigan Court

of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In his third claim, petitioner argues that the trial court at sentencing improperly scored the sentencing guidelines, necessitating a remand for rescoring. Specifically, petitioner objects to the incorporation of conduct that formed the basis of a second criminal sexual conduct charge for which petitioner was not convicted. The Michigan Court of Appeals rejected petitioner's argument, stating:

> Finally, defendant objects to the computation of the sentencing variables. Most of the objections relate to an oddity that occurred at the end of trial. The verdict form contained two counts of first-degree criminal sexual conduct, but the jury was never instructed as to which count related to which of the two courses of conduct charged. The jury convicted defendant on the second count, but reported that it was not able to reach a verdict on the first. After the jury was dismissed, it occurred to the judge and both counsel that they were not totally positive as to which count the defendant had been convicted of, although there seemed to be general agreement that the defendant had been convicted for charged conduct on a Saturday morning but not for charged conduct the night before. The judge sentenced defendant on this basis but, over objection from defendant, found by a preponderance of the evidence that defendant had committed the acts charged on Friday as well as those charged on Saturday, and computed the sentencing variables accordingly. Defendant asserts that this was error, and specifically challenges the scoring of OV-7 at fifty points, for excessively brutal or terroristic conduct, and of OV-11 at fifteen points, for predatory conduct.
>
> We find no error. Case law specifically permits a trial judge, in determining the applicable sentencing variables, to take into account alleged conduct for which the defendant was not convicted or even was acquitted, the rationale being that the fact that a person was not found beyond a reasonable doubt to have committed conduct does not

mean that they cannot be found by a preponderance of the evidence standard applicable in sentencing determinations to have committed the same conduct. *People v. Harris*, 190 Mich. App. 652, 663 (1991).

*Michigan v. Totten*, No. 241752, at 3.

Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings. *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringle v. Beto*, 424 F.2d 515 (5th Cir.1970). To the extent that petitioner challenges the correctness of his sentence on the basis of state law, petitioner is not entitled to habeas review unless there has been a fundamental miscarriage of justice. *See Bagby v. Sowers*, 894 F.2d 792 (6th Cir.), *cert. denied*, 496 U.S. 929 (1990).

Furthermore, MCL § 750.520b(b) provides for a punishment of imprisonment for life or any term of years. Therefore, petitioner has not set forth a federal question because his sentence was imposed within the state statutory limit. *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988).

> [A] state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, [though] relief may be required where a petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law. *E.g.*, *Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648-49, 91 L.Ed. 8181 (1947); *United States v. Jackson*, 696 F.2d 320, 321 (5th Cir. 1983); *Willeford v. Estelle*, 538 F.2d 1194, 1196-97 (5th Cir. 1976). If the sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an 'arbitrary or capricious abuse of discretion,' or that an error of law resulted in the improper exercise of the sentence's discretion and thereby deprived petitioner of his liberty.

*Id*. at 923-24.

Petitioner's sentence does not exceed the statutory limit nor has petitioner shown that the sentence amounted to an arbitrary and capricious abuse of discretion. Therefore, the Michigan

Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Respondent argues that petitioner's fourth and fifth claims are procedurally defaulted. When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to petitioner's claim and that petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop for consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 (2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (*citing Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a vary narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

In his fourth claim, petitioner argues that his due process right was violated when the trial court failed to accurately show on the verdict form which charge matched which count. Petitioner refers to the situation at trial where the jury only convicted petitioner on the second count, and the verdict form did not specify which conduct this conviction referred to. In his fifth claim, petitioner argues that his due process rights were violated when the trial court considered evidence of the unconvicted offense when imposing petitioner's sentence.

Respondent contends that petitioner's fourth and fifth claims have been procedurally defaulted. The claims were first raised in a collateral appeal by petitioner, and relief was denied by the trial court, the Michigan Court of Appeals, and the Michigan Supreme Court. The Michigan Court of Appeals expressly stated that it denied petitioner's application for leave to appeal on the basis that petitioner failed to meet the burden of establishing entitlement to relief under MCR § 6.508(D). Under MCR § 6.508(D)(2) and (3), a defendant may not collaterally attack a conviction based upon claims that were decided against him in a prior appeal or that could have been raised on direct appeal. For claims that could have been raised, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." MCR § 6.508(D)(3)(a)-(b). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1004, 1006-1007 (6th Cir. 2000). Because MCR § 6.508(D) was enacted in 1989 and petitioner's conviction and appeals took place some time thereafter, MCR § 6.508(D) was a "firmly established" procedural rule for purposes of petitioner's action. *See Luberda*, 211 F.3d at 1007;

*Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998). Therefore, petitioner has procedurally defaulted on these claims, and review by this court is barred unless petitioner can show cause and prejudice.

Here, petitioner has not asserted any argument attempting to show cause to excuse the default. Therefore, prejudice need not be considered. Petitioner also has not demonstrated that manifest injustice would result because he has not made a colorable claim of innocence; he has not shown that any constitutional error "probably" resulted from the conviction of one who was actually innocent. *Schlup*, 513 U.S. at 315, 322. This requires a showing that in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Coleman v. Mitchell*, 244 F.3d 533, 540 (6th Cir. 2001). Accordingly, in the opinion of the undersigned, petitioner's fourth and fifth claims are procedurally defaulted.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court

in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal petitioner's first, second, and third claims was debatable or wrong. In his first claim, petitioner failed to allege the violation of a constitutional right. Similarly, petitioner failed to show that prejudice resulted from the alleged prosecutorial misconduct. Finally, petitioner failed to show that his sentence constituted an arbitrary and capricious abuse of discretion or that it was outside the statutory limit.

The undersigned recommends that the court deny petitioner's application on the grounds of procedural default with regards to petitioner's fourth and fifth claims. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that petitioner's fourth and fifth claims are properly dismissed on the grounds of procedural default. With regards to each of these claims, petitioner has failed to show cause to excuse the default. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed

further." *Id.* Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

       /s/ Timothy P. Greeley
       TIMOTHY P. GREELEY
       UNITED STATES MAGISTRATE JUDGE

Dated:  July 8, 2009