UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

DAVID MICHAEL TOTTEN,

    Petitioner,                             Case No. 2:07-CV-053

v.                                                          Hon. Gordon J. Quist

JERI-ANN SHERRY,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on July 8, 2009. The Report and Recommendation was duly served on the parties. The Court has received objections from Petitioner. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court finds Petitioner's objections to be without merit.

### Petitioner's First Objection

In his first claim, Petitioner argued that evidence of his sexual abuse of his six year old stepdaughter failed to satisfy the state evidentiary standard, and that the admission of this evidence denied Petitioner his right to a fair trial. The Magistrate Judge recommended that Petitioner's claim be dismissed because his claim appears to be based on state law and evidentiary rules rather than on a constitutional violation. Petitioner's first objection contends that this claim is actually based on his right to a fair trial under the Fifth Amendment. Petitioner argues that the admitted evidence was not sufficiently similar to the charged offense of forced sexual intercourse with a teenaged

relative, and, consequently, his right to a fair trial was violated because the error in admitting the evidence was not harmless.

Generally, "errors by a state court in the admission of evidence are not cognizable in habeas proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Biros v. Bagley*, 422 F.3d 379, 391 (6th Cir. 2006) (citations omitted). A state court evidentiary ruling does not deny the defendant the right to a fair trial unless it offends "some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Giles v. Schotten*, 449 F.3d 698, 704 (6th Cir. 2006) (citations and quotations omitted).

The admission of evidence of Petitioner's sexual abuse of his six year old stepdaughter does not rise to the level of fundamental unfairness depriving him of a fair trial. As the Michigan Court of Appeals found, even if the evidence was excluded, the other evidence of Petitioner's guilt was "so overwhelming" that Petitioner would not have been acquitted. *See Michigan v. Totten*, No. 241752, 2003 Mich. App. LEXIS 2723, at *2 (Mich. Ct. App. Oct. 16, 2003) (noting the detailed testimony of the victim, corroborating physical evidence, and evidence Petitioner concedes was admissible regarding three other similar prior bad acts). Therefore, the admission of this evidence did not violate Petitioner's right to a fair trial and Petitioner's first objection will be overruled.

**Petitioner's Second Objection**

Petitioner's second claim alleged prosecutorial misconduct during closing arguments that denied Petitioner a fair trial. The Magistrate Judge found Petitioner's claim to be without merit because Petitioner failed to show prejudice from the alleged errors. In his second objection, Petitioner cites two facts: (1) the jury's difficult deliberations lasting three days; and (2) the jury's ultimate decision to return a "compromise verdict" of guilty on the second count. Petitioner argues

that these two facts show prejudice because the prosecutor's comment during closing arguments "may have tipped the balance in favor of a guilty" verdict.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004). On habeas review, "the relevant question is whether the prosecutor's comments so infected the trial with unfairness as to make the conviction a denial of due process." *Bates v. Bell*, 402 F.3d 635, 640-41 (6th Cir. 2005) (citations and quotations omitted). To obtain relief, Petitioner must show that the prosecutor's conduct was "both improper and so flagrant as to warrant reversal." *Id.* at 641. If there is improper conduct, the Sixth Circuit has outlined four factors for courts to consider in determining whether the challenged conduct is flagrant: "(1) the likelihood that the remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) the total strength of the evidence against the defendant." *Id.*

At trial, the prosecutor made two comments during closing arguments that are the focus of Petitioner's claim. The prosecutor's first comment concerned the absence of rug burns on the victim's back when she claimed to have been raped on a carpet with her shirt pulled up. The Michigan Court of Appeals found no prosecutorial misconduct because the prosecutor correctly interpreted the victim's testimony. *See Michigan v. Totten*, No. 241752, 2003 Mich. App. LEXIS 2723, at *3-4 (Mich. Ct. App. Oct. 16, 2003). Petitioner does not dispute this finding, and, considering the deferential review given to claims of prosecutorial misconduct, this Court does not hold otherwise.

Second, the prosecutor commented on the credibility of Petitioner's wife's quasi-alibi defense. The Michigan Court of Appeals did state the comment was improper, but held that any

3

harm was immediately remedied by the trial judge through the use of a jury instruction. *See Michigan v. Totten*, No. 241752, 2003 Mich. App. LEXIS 2723, at *5 (Mich. Ct. App. Oct. 16, 2003). Given the impropriety of this comment, this Court must consider the four factors listed above. Here, the prosecutor's comments likely did not mislead the jury or prejudice the Petitioner because (1) the trial judge immediately upheld a defense objection to the statement and admonished the prosecutor, (2) the trial judge instructed the jury that the attorneys' statements were not evidence, and (3) the comment did not appeal to the jurors' sense of civic duty. *See id.* Furthermore, the prosecutor's remark appears to be isolated to this one incident, though the remark also appears to have been deliberately made. *See id.* Finally, there was a significant amount of evidence of Petitioner's guilt. *See id.* at *2. Taken as a whole, these factors do not support a finding that the prosecutor's conduct was so flagrant as to warrant reversal. *See Bates*, 402 F.3d at 641-49. Therefore, although the jury deliberated for three days before returning a verdict, the evidence presented by Petitioner does not support his claim that he was denied a fair trial.

**Petitioner's Third Objection**

In his third claim, Petitioner argues that, at the sentencing hearing, the trial court improperly scored the sentencing guidelines by considering conduct that formed the basis of a second criminal sexual conduct charge for which petitioner was not convicted. The Magistrate Judge recommended that Petitioner's claim be dismissed because Petitioner's sentence was within the state statutory limit; thus, Petitioner failed to allege a federal question. Petitioner's third objection argues that the state court used a preponderance of the evidence standard to make factual determinations in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).

*Blakely* and its progeny held that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without*

4

any additional findings." *Blakely*, 542 U.S. at 303-04, 124 S. Ct. at 2537 (emphasis in original); *see also Cunningham v. California*, 549 U.S. 270, 288-89, 127 S. Ct. 856, 868 (2007) ("Except for a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (citations and quotations omitted); *Booker v. Fanfan*, 543 U.S. 220, 232, 125 S. Ct. 738, 749 (2005) (the statutory maximum "is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." (emphasis in original; citations and quotations omitted).

The state court's use of the preponderance of the evidence standard to establish Petitioner's minimum sentence does not violate *Blakely*. Here, Petitioner was convicted for one count of first degree criminal sexual conduct in violation of MCL § 750.520b(1)(b). Under § 750.520b(2)(a), criminal sexual conduct in the first degree is punishable "by imprisonment for life or for any term of years." MCL § 750.520b(2)(a). The state court sentenced Petitioner to a term of 225 months to 35 years imprisonment, which is less than the statutory maximum sentence of life in prison authorized by the jury's findings of fact. Therefore, Petitioner's third objection will be overruled.

**Petitioner's Fourth Objection**

The Magistrate Judge found that Petitioner's fourth and fifth claims were procedurally defaulted because (1) Petitioner first raised these claims on collateral review, and (2) Michigan's Court of Appeals expressly stated that Petitioner's application for leave to appeal was denied under M.C.R. § 6.508(D). In his final objection, Petitioner contends his appellate counsel was ineffective for failing to "federalize" his fourth and fifth claims, and that this constitutes cause for his failure to present the issues on direct appeal.

In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1987), the Supreme Court set forth a two-prong test to determine whether counsel's assistance was so defective as to require

5

reversal of a conviction: (1) defendant must show that counsel's performance was deficient and (2) defendant must show that counsel's deficient performance was "so serious as to deprive the defendant of a fair trial." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Counsel enjoys a "strong presumption" that his conduct falls within the wide range of reasonable professional assistance. 466 U.S. at 689, 104 S. Ct. at 2065.

Here, Petitioner states that his appellate counsel failed to "federalize" his claims by citing federal case law, but Petitioner does not show a reasonable probability that, but for his appellate counsel's error, he would have prevailed on his appeal. *See Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746, 764 (2000). Thus, Petitioner fails to establish a claim of ineffective assistance of appellate counsel. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Consequently, Petitioner cannot establish cause for his failure to present the issues on direct appeal because Petitioner does not have a claim for ineffective assistance of counsel. Therefore, Petitioner's fourth and fifth claims are procedurally defaulted.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (docket #50) is adopted as the Opinion of this Court, Petitioner's petition for a writ of habeas corpus is **DENIED**, and a certificate of appealability is **DENIED**.

**This case is concluded.**

Dated: November 20, 2009                  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE